**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

**DAVID MARTIN**                                    **CIVIL ACTION NO.  09-CV-0235**

**VERSUS**                                                    **JUDGE MELANÇON**

**ACCURATE MEASUREMENT**                **MAGISTRATE JUDGE METHVIN**


<u>**REPORT AND RECOMMENDATION**</u>
<u>**ON MOTION TO DISMISS**</u>

Before the court is defendant Accurate Measurement's Rule 12(b)(6) motion to dismiss for failure to state a claim.  (Doc. 18).  Based on the following reasons, I recommend that the motion be **DENIED**.

On February 12, 2009, plaintiff filed his complaint, *pro se*, alleging simply, "I David Martin is [sic] filing a complaint against Accurate Measurement for Discrimination it was some racial comments that my Boss make at [sic]  me."

Edward Moses, Jr. enrolled as plaintiff's counsel on June 3, 2009.  On June 4, 2009, the court allowed plaintiff an additional 40 days to serve process on defendant.  On July 8, 2009, plaintiff, through counsel, filed his amended complaint, alleging that he had been discriminated against by defendant, his employer, based on his race, under Title VII of the Civil Rights Act of 1964, 1991, 42 U.S.C. § 2000e *et seq*., and alleging Hostile Work Environment, and Retaliation claims.  (Rec. Doc. 12).

Defendant argues that it has never been served with the amended complaint and the complaint should be dismissed for a lack of personal jurisdiction.

On July 13, 2009, plaintiff filed a motion requesting the court order the marshal to "effectuate service of process" on defendant.  Plaintiff did not elaborate what documents he was requesting be served.  At the hearing, Mr. Moses stated that he had requested service of both the complaint and amended complaint.  This is supported by the record.  Docket entry number 14 identifies plaintiff's motion as his "first motion to order the US Marshal to serve plaintiff's original and amended complaint on defendant . . .." Docket entry number 16 reflects that the court granted plaintiff's motion for the marshal to serve his original *and* amended complaint.

The undersigned concludes, based on plaintiff counsel's statement and the record, that plaintiff attempted to serve his amended complaint through the marshal; however, the amended complaint was never served through an administrative error.  Considering the foregoing, and further considering that the statute of limitations have now run as to plaintiff's claims so that a dismissal, even without prejudice, will have the effect of denying plaintiff his day in court;

**IT IS RECOMMENDED** that defendant's motion to dismiss be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed November 23, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE